PER CURIAM.
The petitioner Dade County presents for review an appellate ruling of the circuit court reversing a conviction entered in the Dade County Metropolitan Court.
The offense of which the respondent was convicted in the Dade County Metropolitan Court was avoiding payment of lawful charges for use of a telephone of the Southern Bell Telephone & Telegraph Company “by means of a mechanical device,” in violation of a provision of the Code of Metropolitan Dade County. Proof of commission of the offense was adequate. The circuit court reversal of the conviction was on the ground that the state had failed to comply with the requirement of § 934.-09(8) Fla.Stat., F.S.A. excluding evidence derived from a wire intercept unless the defendant is furnished with a copy of .the application and order for the intercept ten days prior to trial.
It appears that a telephone intercept order had been obtained in another part of the state, in relation to an investigation into bolita lottery activity. Thereby there had come to light the name of a person who was placing telephone calls to the other part of the state from a certain public pay telephone in Miami. Thereafter- surveillance was placed on said person at the time of the week and day when such calls generally were so placed by him. In the course of the surveillance the person was seen placing a call from a pay telephone, in the course of which he was observed to use a mechanical device to force or manipulate a return of his telephone toll. For the commission of that unrelated offense, the respondent was properly convicted.
The petitioner contends, and we agree, that the offense was unrelated to the “wiretap,” and that the evidence to prove the offense was not derived from the wiretap, and therefore the pretrial delivery of pa *239 pers under § 934.09(8) was not required, and the absence thereof was immaterial.
The judgment of the circuit court is quashed and the conviction of the respondent in the court of Metropolitan Dade County is reinstated.
It is so ordered.